UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES LEWIS BOBO, | No. 2:16-cv-2341 TLN AC (PS) |
| Plaintiff, | |
| v. | ORDER |
| FRESNO RESCUE MISSION, | |
| Defendant. | |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. R. ("Local Rule") 302(c)(21). Plaintiff has requested leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915. ECF No. 2. The request will be denied because the complaint, in its current form, is frivolous. Where "plaintiff's claim appears to be frivolous on the face of the complaint," the district court may "deny[] plaintiff leave to file *in forma pauperis*." O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990).

I.  SCREENING

Plaintiff must assist the court in determining whether the complaint is frivolous or not, by drafting his complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure. Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for

1

federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought.  Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly.  Fed. R. Civ. P. 8(d)(1).  Forms are available to help pro se plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S. at 327; Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010).  However, the court need not accept as true, legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice.  See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014).  A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

A. The Complaint

The complaint alleges that defendant has a policy of some sort governing who can stay at

1  its facility. Complaint (ECF No. 1). Apparently, plaintiff does not have the paperwork needed to
2  stay at the facility. Plaintiff asks this court to grant him the necessary paperwork, or in the
3  alternative, to award him $2 million.

    B.  Analysis

5  The complaint does not contain any facts showing that plaintiff has a claim entitling him
6  to relief. The fact that defendant apparently will not permit plaintiff to stay at its facility does not,
7  in itself, violate any state law, or federal right, of which this court is aware. In addition, the
8  complaint does not contain any facts showing that federal jurisdiction exists, that is, that the case
9  is properly filed in this court, rather than in a state court.

10  In order to survive IFP screening, the complaint must allege facts showing that defendant
11  engaged in some conduct that the law prohibits (or failed to do something the law requires), and
12  that in doing so, defendant harmed plaintiff. In addition, if a state law alone is at issue, plaintiff
13  must allege facts showing that "diversity" jurisdiction exists, that is, that the amount in
14  controversy exceeds $75,000, and that he is a citizen of a different state than the defendant. See
15  28 U.S.C. § 1332.

16  It is not clear from the few factual allegations of the complaint whether plaintiff could
17  possibly state a claim that can be heard in this court, and that would entitle him to relief. Plaintiff
18  will therefore be given an opportunity to amend his complaint.

    C.  Amending the Complaint

20  The amended complaint, in addition to alleging facts establishing the existence of federal
21  jurisdiction, must contain a short and plain statement of plaintiff's claim. The allegations of the
22  complaint must be set forth in sequentially numbered paragraphs, with each paragraph number
23  being one greater than the one before, each paragraph having its own number, and no paragraph
24  number being repeated anywhere in the complaint. Each paragraph should be limited "to a single
25  set of circumstances" where possible. Fed. R. Civ. P. 10(b). As noted above, forms are available
26  to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's
27  Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at
28  www.uscourts.gov/forms/pro-se-forms.

1    Plaintiff must avoid excessive repetition of the same allegations.  Plaintiff must avoid
2    narrative and storytelling.  That is, the complaint should not include every detail of what
3    happened, nor recount the details of conversations (unless necessary to establish the claim), nor
4    give a running account of plaintiff's hopes and thoughts.  Rather, the amended complaint should
5    contain only those facts needed to show how the defendant legally wronged the plaintiff.

6    The amended complaint must not force the court and the defendants to guess at what is
7    being alleged against whom.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996)
8    (affirming dismissal of a complaint where the district court was "literally guessing as to what
9    facts support the legal claims being asserted against certain defendants").  The amended
10   complaint must not require the court to spend its time "preparing the 'short and plain statement'
11   which Rule 8 obligated plaintiffs to submit." Id. at 1180.  The amended complaint must not
12   require the court and defendants to prepare lengthy outlines "to determine who is being sued for
13   what." Id. at 1179.

14   Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's
15   amended complaint complete.  An amended complaint must be complete in itself without
16   reference to any prior pleading.  Local Rule 220.  This is because, as a general rule, an amended
17   complaint supersedes the original complaint.  See Pacific Bell Telephone Co. v. Linkline
18   Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint
19   supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice &
20   Procedure § 1476, pp. 556-57 (2d ed. 1990)).  Therefore, in an amended complaint, as in an
21   original complaint, each claim and the involvement of each defendant must be sufficiently
22   alleged.

## II. CONCLUSION

24   Accordingly, IT IS HEREBY ORDERED that:

25   1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is DENIED, because the
26   complaint is frivolous.

27   ////

28   ////

1    2.  Plaintiff shall have 30 days from the date of this order to file an amended complaint that complies with the instructions given above, or to pay the filing fee.[1]  If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

DATED: October 25, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] However, if plaintiff chooses to pay the filing fee without amending his complaint, the undersigned may recommend that the action be dismissed for lack of federal jurisdiction.  <u>See</u> Fed. R. Civ. P. 12(h) (court may dismiss at any time for lack of jurisdiction).

5